### Phocion Tate v. The State.

An indictment charging that the defendant did bet money "upon a certain game known as pool," without charging that the betting was on a gaming table or bank, or a gambling device, is not sufficient under Article 1477, Hartley's Digest.

Appeal from Fayette. Tried below before Hon. J. H. Bell.

*Tate & McFarland*, for appellant.

*J. Willie*, Attorney General, for the State.

Wheeler, J. The indictment was framed under Article 1477 of the Digest; which prohibits betting at any "gaming table, bank, or banks," mentioned in the preceding Section of the Act, or at "any other gambling device." The indictment charges that the defendant did bet money "upon a certain game, known as pool." Is the indictment sufficient, without charging that the betting was on a gaming

table, or bank, or a gambling device? We think not. If the game of pool be a gaming table, or bank, or gambling device, as it seems it is, it ought to be so charged in the indictment, to warrant a conviction thereon. The next succeeding Section of the Statute declares what it shall be sufficient for the indictment to charge. But if the Statute be not followed in framing the indictment, it ought to describe the offence in the words of the Statute, or by the use of words of equivalent import. We are of opinion, therefore, that the indictment was not sufficient, and that the Court erred in overruling the motion to quash; for which the judgment is reversed and the cause remanded.

Reversed and remanded.