### · THE STATE v. LEVI W. KELLY.

The game of pool is prohibited by the statute, whether it be exhibited, as most usual, on a billard table, or on a ten-pin alley, or whether any other evasive device be adopted for its exhibition.

An indictment is sufficient, although instead of charging that the defendant kept a pool table, &c., in general terms, it present the facts, which constitute the elements of the game that was kept.

APPEAL from Bastrop. Tried below before the Hon. Alexander W. Terrell.

The indictment in this case charged, that the appellee "did then and there, in," &c., describing the locality, "keep a gaming device for the purpose of gaming, which gaming device, so kept as aforesaid, by the said Kelly, was a ten-pin alley, upon which the unlawful game of pool was permitted to be played, by said Kelly." The indictment, on motion of the defendant, was quashed.

*Attorney-General,* for the appellant.

*Jones & Petty,* and *C. C. M'Ginnis,* for the appellee.

ROBERTS, J.—The indictment contains a description of the game of pool, kept upon a ten-pin alley. Most usually, in this

country, this game is kept and exhibited, upon a billiard-table. The question is, whether this change in the mere structure, upon which the game is exhibited, will make that a legal game. Pool is expressly named, as one of the gaming tables which are prohibited. (O. & W. Dig. 507, Art. 414.) It is the prohibited game of pool, that gives character to the gaming device which is described, whether it be exhibited on a table, a floor, a flat rock, or a ten-pin alley. And whatever evasive device of that sort might be adopted, it would still be known by the name of pool, which is a gaming table; and would still be a game which, in common language, would be said to be "kept or exhibited." (Art. 413.)

Had the indictment designated it only as a "gaming device," instead of a gaming table, as contemplated by the statute, (Art. 415,) it might have been insufficient. It describes the gaming device, because it could not literally be called a *table*, and then alleges that the game of pool was played on it. Instead of charging that the defendant kept a pool-table, &c., in general terms, it presents the facts which constitute the elements of the game that was kept, and left it to be judged of by the court, upon exception, if any should be made, whether or not an offence had been set forth.

We think, the indictment amply presents the elements of the offence of keeping a gaming table, and that the court erred in sustaining exceptions to it. (Stearnes v. The State of Texas, 21 Texas Rep. 692.) Judgment reversed and cause remanded.

Reversed and remanded.