## THE STATE v. JOHN I. BURTON.

An indictment under the 418th article of the penal code, which charges that the defendant " did bet at a gaming bank commonly called a faro bank," is sufficient without the allegation that said bank was kept or exhibited for the purpose of gaming.

" Faro " being one of the games enumerated by the statute, and by its terms comprehended in the list of examples of prohibited banks or games, the court judicially knows that it is a bank kept for the purpose of gaming. Otherwise of an indictment for betting at a bank, the name of which is not mentioned in the statute as included in the class of games which in common language are said to be dealt, kept or exhibited for the purpose of gaming; there, it would be necessary to allege that it was a game, or gaming table, or bank, (as the case might be,) dealt, kept or exhibited for the purpose aforesaid.

An indictment under article 418 need not charge that the defendant bet any money, property or anything of value on any game played at the gaming table or bank named in the indictment.

APPEAL from Houston. Tried below before the Hon. R. A. Reeves.

Indictment filed March 11th, 1859. Offence charged to have been committed on the 1st day of January, 1859. The defendant made two exceptions to the sufficiency of the indictment; the first of which is stated in the opinion, and the second was, that the indictment does not charge that the defendant bet any money, property, or other valuable thing on any game played at said faro bank.

The opinion recites the whole charge against the defendant, contained in the indictment.

*Attorney-General* for the State.

*Moore & Walker*, for the appellee.

BELL, J.—The indictment charges that the appellee " did bet at a gaming bank commonly called a faro bank." There was an exception to the sufficiency of the indictment, because it did not

charge that the bank at which the betting took place was kept or exhibited for the purpose of gaming. The District Court sustained the exception to the indictment; the proper judgment was rendered and the district attorney has sent the cause up to this court in order that the judgment of the District Court sustaining the exception to the indictment may be revised.

We are of opinion that there is error in the judgment of the court below. We think the indictment is a good one. It is based on the 418th article of the Penal Code. The 412th article of the code provides that if any person shall keep or exhibit, for the purpose of gaming, any gaming table or bank of any name or description whatever, &c. The 413th article explains that the foregoing article shall be construed to include any and all games which in common language are said to be dealt, kept or exhibited. The 414th article then enumerates certain games, such as faro, monte, and others, which it is said, "lest any misapprehension should arise," are within the meaning and intention of the foregoing articles. The 418th article, upon which this indictment is based, provides that "if any person shall bet at any gaming table, or bank, such as are in the six preceding articles mentioned, shall be fined," &c. The kind of gaming table or bank referred to in this section, is described in general terms to be "any and all games which in common language are said to be dealt, kept or exhibited." Faro is expressly declared to be such a game. There was no necessity, therefore, that the indictment should declare that faro was such a gaming table or bank as is mentioned in the six articles of the code next preceding the one on which the indictment is founded. Or, in other words, there was no necessity that the indictment should declare that faro was a gaming table or bank exhibited for the purpose of gaming, because the law declares that much, and the court judicially knows it. To constitute the offence, however, which is mentioned in the 418th article of the code, the bank or game must be dealt, kept or exhibited for the purpose of gaming, at the time the betting is done. But we think that when it is alleged that a party bet at a bank, the fact that the bank was kept or exhibited for the purpose of gaming is necessarily involved in the allegation, for it is physically impossible

that a person can bet at a game or bank which is not dealt, kept or exhibited for the purpose of gaming. How could proof be made that a bank was kept or exhibited for the purpose of gaming on a particular day at a particular place? Surely only by evidence that at that particular time and place betting was done at such bank. It is no offence against the law for a person to own a faro box or a roulette table, and such box, or bank, or table can only be said to be kept or exhibited for the purpose of gaming when there is betting at them. To allege, therefore, that a person bet at a gaming table or bank, is at the same time, and by the necessary meaning of the words, to allege that such gaming table or bank was then and there kept or exhibited for the purpose of gaming.

If an indictment should allege that a person bet at a certain gaming table called "The Black Republican," it would be also necessary to allege that it was a game, or gaming table or bank, dealt, kept or exhibited for the purpose of gaming, because it would be necessary to prove that it was such a game, inasmuch as no such game is mentioned by name in the statute, as included in the class of games which in common language are said to be dealt, kept or exhibited for the purpose of gaming. But it is otherwise with faro, because the statute has made special mention of it.

The views here expressed lead us to the conclusion that the District Court erred in sustaining the exception to the indictment. We suppose that the exception which we have discussed was the one sustained by the court, inasmuch as the record states that " defendant's first exceptions were sustained and the others overruled." The other exceptions to the indictment were not well taken.

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.