## W. M. BLAIR v. THE STATE.

1—An indictment which, giving time and venue, charged that the accused "unlawfully did bet at a faro bank, the said faro bank being then and there kept and exhibited for the purpose of gaming," is sufficiently certain.

2—An indictment need not be more specific than the law under which it is framed.

3—Nothing more need be charged in an indictment than it is necessary to prove in order to secure a conviction.

4—The plain and simple rule prescribed in our Code, (Paschal's Digest, Art. 2863,) that " the offense must be set forth in plain and intelligible words, comprises the best guidance to the criminal pleader.

APPEAL from Calhoun.   Tried below before the Hon. Wesley Ogden.

The opinion is referred to for the facts.

No brief for the appellant.

*E. B. Turner*, Attorney General, for the State.

WALKER, J.—The indictment in this case charges that "one Wm. M. Blair, late of the county of Calhoun, on the fourth day of January, in the year of our Lord eighteen hundred and sixty-nine, in the county aforesaid, in the city of Indianola, unlawfully did bet at a faro bank, the said faro bank being then and there kept and exhibited for the purpose of gaming."

A motion was made by appellant's counsel to set aside the indictment for uncertainty.   The motion was overruled by the court, and the ruling excepted to.   In the progress of the case the court permitted the district attorney to amend the indictment in matter of form, but it does not appear that any amendment was made.   A motion for a new trial was made and was overruled by the court, and an exception taken to the ruling. No brief is furnished by appellant's counsel, and no statement of facts is found accompanying the record.

There was no error in the court permitting an amendment to the form of the indictment.   (Paschal's Dig., Art. 2955; The State v. Smith, 24 Tex. R.; Bosshard v. The State, 25 Tex. Sup., 207.)

The indictment charges all that was necessary to prove to secure a conviction, and this was all that was necessary or proper to be charged.   (Code of Criminal Procedure, Art. 396; Paschal's Digest, Art. 2864.)   See also Evans v. The State, 25 Texas Sup., 304, as to the sufficiency of the indictment. This case comes within the rule laid down by the court in the case of Estes v. The State, 10 Texas Rep., 305, and The State v. Prewitt, 10 Texas Rep., 310.   This rule is also followed and explained in the later cases of Bosshard v. The State, 25 Sup., 207, above referred to, and The

State v. Burton, 25 Tex., 420. The indictment need not be more specific than the law under which it is framed. (Banks v. The State, 28 Tex., 644.) It might be well if the learned counsel, in cases of this kind, would consult the act of February 15th, 1858, Paschal's Dig., Art. 2863. Number seven of the attributes of a good indictment, as defined in this Article, reads thus: "The offense must be set forth in plain and intelligible words." It can scarcely be said that this plain and simple rule relaxes what is sometimes called the rigor of the common law; for though the forms were often verbose, diffuse and prolix, common sense and plain language were, and it is to be hoped always will be, the best guides to the pleader.

The judgment of the District Court is affirmed and the case remanded.

                                                Affirmed.