THE STATE OF TEXAS v. D. B. BLAIR.

1. INDICTMENT—GAMING.—An indictment which charges that A B "did unlawfully bet at a certain gaming table, which said gaming —— was then and there exhibited for gaming, contrary," &c., does not sufficiently describe an offense.

2. This case distinguished from The State v. Burton, 25 Tex., 420, in which the defendant was charged with betting "at a gaming bank, commonly called 'faro,'" which game was inhibited eo nomine by the statute.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

George Clark, Attorney General, for the State.

The 3d, 4th, and 5th exceptions only will be noticed.

"3d." To allege that the defendant "did unlawfully bet at a certain gaming table, which said gaming table was then and there exhibited for gaming," is sufficient, without giving the name of the game; that is immaterial. (Smith v. State, 17 Tex., 191; State v. Burton, 25 Tex., 420.)

"4th." It is not necessary to aver that any money or article of value was bet. (State *v.* Ward, 9 Tex., 370; State *v.* Burton, 25 Tex., 420; Woodman *v.* State, 32 Tex., 772, 773.)

"5th." The house or place where the betting is done need not be specified; to allege in the county is all that is required. (Woodman *v.* State, 32 Tex., 772.)

It is submitted that there was error in the judgment of the court below, and that the cause should be reversed and remanded.

*Throckmorton, Brown & Smith,* for appellee.

DEVINE, ASSOCIATE JUSTICE.—The indictment charges that appellee "did unlawfully bet at a certain gaming table, which said gaming table was then and there exhibited for gaming contrary," &c. There were numerous exceptions taken to the sufficiency of the indictment, among which were—"1st. That the indictment charged no offense known to the laws. 2d. That no offense was set forth in plain and intelligible language. 3d. That defendant was not charged with having bet at any game prohibited by the statute, and because the indictment is vague, uncertain, indefinite, and ambiguous." The District Court sustained the exception to the indictment. The District Attorney gave notice of appeal, and has brought the cause to this court for its reversion of the judgment in the District Court.

It is urged, on behalf of the State, that the indictment is sufficient, and in support of this view reference is made to several decisions on our statutes against betting or gaming, the strongest of which (State *v.* Burton, 25 Tex., 420) in support of the indictment will be found to be altogether different from the one now before the court. In the cause of the State *v.* Burton, the indictment charged that Burton "did bet at a gaming bank commonly called a

faro bank." The court sustained the motion to quash, and on appeal by the State this court reversed the judgment of the District Court, and remanded the cause, declaring in the opinion, delivered by Mr. Justice Bell, that "there was no necessity that the indictment should declare that faro was a gaming table or bank, exhibited for the purpose of gaming, because the law declares that much, and the court judicially knows it." The defendant in that case, as the defendant in this, was indicted under the 418th article of the Criminal Code, which prohibits the betting at any gaming table or bank, such as are in the six preceding articles mentioned. In one of these six preceding articles (art. 414) "faro" is mentioned as one of the prohibited games, and in another of these six articles (art. 415) it is declared that it is not necessary to give any name or description of the table or bank kept or exhibited for gaming.

The present case therefore differs from that of The State *v.* Burton, in this, that it mentioned the game of faro as the game at which defendant bet, the court there saying, as the law declared it to be a prohibited game, it was not necessary to state or charge in the indictment that "faro" was exhibited or dealt, as when a person was charged with betting at faro it was a physical impossibility for him to do so unless the game or bank was at the time kept, dealt, or exhibited.

The indictment in the present case does not charge the defendant with betting at any of the games named in article 414; neither does it bring the offense under the terms or within the meaning of article 415, because it omits to charge that defendant bet at a gaming table, which gaming table was then and there exhibited. It may be said that the omission in the indictment to state the word table was an omission by the clerk in copying the record, or a slip of the pen by the District Attorney in framing the indictment; we can only look at the record as we find it, and

taking it as presented, the omission in the indictment to charge a betting at any of the games mentioned in article 414, or to supply that omission by stating that the bank or table was kept or exhibited for gaming, was such a defect as justified the District Judge in sustaining defendant's motion to quash.

There being no error in the judgment, it is

AFFIRMED.