## JOE LONGWORTH ET AL. V. THE STATE.

1. GAMING TABLE.—An indictment charging that defendant "did unlawfully keep, for the purpose of gaming, a table resembling a billiard table," sufficiently describes an offense—the words "resembling a billiard table" being considered surplusage.
2. INSTRUCTIONS.—Where, on the trial of an indictment for keeping a gaming table, the evidence shows that the table kept was a *billiard table*, the charge should exclude the game of billiards, and should explain wherein the table might be shown to be an illegal gaming table, although a billiard table.

APPEAL from Marion. Tried below before the Hon. James M. Rogers.

The opinion states fully the facts.

*W. T. Armistead* and *Crawford & Crawford,* for appellants, cited State *v*. Burton, 25 Tex., 422; Bishop on Stat. Cr., secs. 897, 909; 6 Bush, Ky., 301; 12 Wis., 434; 7 Cowen, 138; The People *v*. Sergeant, 18 B. Monr., 38; Ritte *v*. Commonwealth, Cooley's Const. Lim., 320.

*G. W. Smith*, for the State.

ROBERTS, CHIEF JUSTICE.—The defendants were convicted under an indictment charging that they "did unlawfully keep for the purpose of gaming a table resembling a billiard table." The words "resembling a billiard table" may be rejected as surplusage, so far as it is an attempt to describe the table, as it is not tantamount to an allegation that it was a "billiard table," and does not in terms describe a table that is licensed by law for gaming, as is the case with a billiard table.

The indictment may therefore be regarded as charging simply that the defendants "kept a table for gaming," which is declared by the code to be sufficient. (Pas. Dig., art. 2051, (415;) The State *v*. S. M. Johnson, decided at

this term.) We are of opinion that the court did not err in overruling the exceptions to the indictment.

The defendants, after they had been found guilty on the trial of the case, filed a motion for a new trial, setting up, amongst others, the ground of objection to the charge, in substance, that the charge was too broad, and did not confine the jury to the case made by the facts in evidence.

The court charged the jury that they must find the defendants guilty, if they kept any sort of a gaming table for the purpose of gaming, even a billiard table, upon which the game of billiards was played for money, for drinks, or for charges for the use of the table, or for anything else, whether the terms of the game or wager was expressly stipulated or tacitly understood under the rules of the game. This was erroneous in two respects: first, in including the game of billiards on a billiard table, or on a table resembling a billiard table used for the game of billiards only, licensed by law; (Pas. Dig., art. 2050, (414;) and, secondly, in not explaining to the jury wherein the table might be shown to be an illegal gaming table, although it might be shown to be a billiard table, and in that fulfill the requisition of the statute in charging the law of the very case established by the evidence.

The court was of opinion, as we must judge from the charge, that a billiard table kept for the purpose of gaming, as well as every other gaming table kept for that purpose, is prohibited by the statute. We do not think so. The amendment of the two articles of the code, (412 and 418,) by the act of the 13th Legislature, (Pamphlet Acts, p. 36,) does not in any way affect or annul the exception made in the code in favor of a billiard table, or a table resembling a billiard table, upon which alone is played the licensed game of billiards. (Pas. Dig., art. 2050, (414.)

Such a table, upon which alone the game of billiards is played, may lawfully be kept as a gaming table for betting

money, drinks, table charges, or anything else, the same as on a horse race on the turf.

The main object of the amendment referred to seems to be, not to change the law of gaming as it stood previously, but to render certain what had become thought to be uncertain, arising out of the tax laws in reference to Jenny Lind and other tables therein mentioned, and especially to put them on a footing with other prohibited gaming tables, or, in other words, to prohibit their being kept for the purpose of gaming at all.

How far this expressed intention as to the Jenny Lind and other tables mentioned in the said amendment (of art. 412 in act of 1873, p. 36) may be controlled by the subsequent act of the same session of the Legislature, imposing an occupation tax on such tables, the same as on a billiard table, need not now be considered, as the facts of this case do not raise any such question. (Gen. Laws of 1873, p. 200.)

For the error in the charge of the court the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.