## O. Tuttle *v.* The State.

1. Justice's Court—Jurisdiction.—Under the Constitution of 1876, justices of the peace have no jurisdiction of misdemeanors which are punish-

Opinion of the court.

able by imprisonment. The power of justices to imprison for non-payment of fines and costs, or for enforcement of their legal authority in cases within their jurisdiction, is not impugned.

2. GAMING.—"Pool" being one of the games expressly prohibited by the Penal Code (Pasc. Dig., Art. 2050), it is an offense against the law, though played upon a licensed billiard table or ten-pin alley, provided money be bet upon the game; and in a legal sense the table fees or the drinks are money.

APPEAL from the County Court of Kaufman. Tried below before the Hon. H. P. TEAGUE.

The opinion states the case.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. Appellant was tried upon information in the county court of Kaufman county for keeping and exhibiting a gaming table for the purpose of gaming. He was found guilty by the verdict of the jury, and his punishment assessed at a fine of $25. In his motion in arrest of judgment he claims that the offense with which he is charged was exclusively within the original jurisdiction of a justice of the peace, and that the county court did not have, and should not have entertained, jurisdiction to try and determine the same.

The information was based upon the amendment to Article 412 of the Penal Code, approved April 9, 1873, and found in the acts of the thirteenth legislature, page 36, section 1. The punishment denounced against a party accused and found guilty under this act is that " he shall be fined not less than twenty-five dollars, nor more than one hundred dollars, and may be confined in the county jail not more than thirty days."

Our present state Constitution has conferred upon the

county court " original jurisdiction in all misdemeanors of which exclusive original jurisdiction is not given to the justices' courts, as the same are now or may be hereafter prescribed by law, and when the fine to be imposed shall not exceed two hundred dollars." Sec. 16, Art. 5, of the Const. Section 19 of Article 5 of the Constitution empowers justices of the peace with " jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be for more than for two hundred dollars."

The phraseology of these two sections, we think, admits of but one construction: that is, that the framers of our organic law intended only to confer upon justices' courts exclusive jurisdiction in cases where the penalty was by pecuniary fine alone, not to exceed the limit specified. Imprisonment in the county jail cannot be estimated in dollars, nor can it be considered in any manner a pecuniary fine. It follows, therefore, in the opinion of this court, that whenever, in misdemeanors, imprisonment may be assessed as an alternative, or as a part of the fine to be imposed, justices' courts have no jurisdiction to try. Of course this rule is not to be understood as applicable to, or interfering in any manner with, the authority of such courts to imprison for the non-payment of fine and costs, or, when necessary, to assert, protect, and enforce their authority in cases where their jurisdiction properly obtains.

The court did not err in overruling defendant's motion in arrest of judgment.

Another ground assigned for error is that the court permitted the state's witness, over objections by defendant, to prove that parties played the game of pool on defendant's billiard tables for the drinks or the tickets—that is, that the parties had played the game with the understanding among the players that the one who was defeated should pay for the drinks.

The objections to this testimony were urged upon the

grounds, 1st, because, under the laws of Texas as they now exist, " a person cannot be convicted of keeping or exhibiting a gaming table, such as pool, when the same is played on a regularly licensed billiard table, unless it be shown that *money* was actually bet thereon ;" and, 2d, because the statute of April, 1873, making it an offense to keep or exhibit a table for gaming where the table fees, etc., only are bet, does not apply to the game of pool when played upon a regularly licensed billiard table, but only applies to pigeon-hole tables and Jenny Lind tables.

The first objection is doubtless predicated upon the supposed construction of the last clause of Article 2050, Paschal's Digest, which is in these words : " Any game for money upon a billiard table, or table resembling a billiard table, other than the game of billiards licensed by law, is punishable under the provisions of this chapter." It is a sufficient answer to this objection to quote the language of Wheeler, J., in *Bachelor* v. *The State.* He says : " If the parties bet upon the game with the understanding that the loser should pay the bill of the company, it was in effect a betting of money. It certainly was not what the parties might drink which was risked or bet upon the game. It was not property nor its representative, but it was money which, instead of being paid by the loser to the winner, was paid to the dram-seller." 10 Texas, 262.

As to the 2d objection, it will be seen that by express terms the game of "pool" is made one of the prohibited games by the statute (Art. 2050, Pasc. Dig.) ; and it is prohibited by the statute whether it be exhibited, as most usual, on a billiard table, or on a ten-pin alley, or whether any other evasive device be adopted for its exhibition. *The State* v. *Kelley*, 24 Texas, 182.

Our supreme court have had occasion to construe the act of April, 1873, in the case of *Longworth* v. *The State.* Chief Justice Roberts, delivering the opinion, says : "The

amendment of the two Articles of the Code (412 and 418)
by the act of the thirteenth legislature (Pamphlet Acts, p.
36) does not in any way affect or annul the exception made
in the Code in favor of a billiard table, or a table resembling
a billiard table, upon which alone is played the licensed
game of billiards. Pasc. Dig., Art. 2050. Such a table,.
upon which alone the game of billiards is played, may law-
fully be kept as a gaming table, for betting money, drinks,
table charges, or anything else, the same as on a horse race
on the turf. The main object of the amendment referred
to seems to be, not to change the law of gaming as it stood
previously, but to render certain what had come to be
thought uncertain, arising out of the tax laws, in reference
to Jenny Lind and other tables therein mentioned, and
especially to put them on a footing with other prohibited
gaming tables, or, in other words, to prohibit their being
kept for the purpose of gaming." 41 Texas, 508.

We see no error committed in the conduct of the case, or
the proceedings on the trial in the lower court, for which
we would feel authorized to disturb the judgment, and it is,.
therefore, affirmed.

*Affirmed.*