GEORGE STONE *v.* THE STATE.    E. JOHNSON *v.* THE STATE.
GEORGE CLEMENTS *v.* THE STATE.    R. S. REED *v.* THE
STATE.

1. GAMING. — "Pool" is one of the games expressly prohibited by the Penal
   Code, and, though played upon a licensed billiard-table, is an offense
   against the law, provided money be bet; and the table-fees or the drinks
   are money in this sense.
2. ACCOMPLICE. — Betters at the same game of faro, monte, pool, and the like,
   are several, not joint, offenders, and are not accomplices to each other.
   Hence, the uncorroborated testimony of one of them may suffice to con-
   vict the rest. A witness of this class is exempted from punishment, by the
   Code, and may be compelled to testify.

APPEALS from the Criminal District Court of Galveston.
Tried below before the Hon. G. COOK.

*O. M. Watkins,* for the appellants.

*George McCormick,* Assistant Attorney General, and
*Frank M. Spencer,* for the State.

ECTOR, P. J.    The defendants in the four above-entitled
causes were separately indicted for betting "at a game of
pin-pool, the same then and there being a game played for
money on a billiard-table." They were tried, found guilty,
and each fined $10. Motions for new trial and in arrest of
judgment were overruled, and these causes are now before
us on appeal. There is no material difference in any of the
cases as shown by the record, and for this reason we will
include them all in one opinion.

The defendants have made many assignments of error.
We believe they all turn on two propositions in controversy,
to wit: "First, that the indictment charges no offense
known to the law; second, that the appellant was convicted
upon the uncorroborated evidence of an accomplice." The
first point was made, in the lower court, on a motion in

arrest of judgment, and the second on the refusal of the court to give charges asked by the defendant.

The indictment is good. It charges that defendant " did bet at a game of pin-pool, the same then and there being a game played for money on a billiard-table," etc. Pasc. Dig., arts. 2050, 2053. The game of pool is one of the games prohibited by name. *The State* v. *Burton*, 25 Texas, 421; *Booth* v. *The State*, 26 Texas, 202; *Stearns* v. *The State*, 21 Texas, 695.

In the case of *Tuttle* v. *The State*, 1 Texas Ct. App. 365, this court said: " Pool being one of the games expressly prohibited by the Penal Code (Pasc. Dig., art. 2050), it is an offense against the law, though played upon a licensed billiard-table or ten-pin alley, provided money may be bet upon the game; and in a legal sense the table-fees or the drinks are money." For a lucid and exhaustive examination and analysis of the gaming statutes, see *Stearns* v. *The State*, 21 Texas, 695. The defendants were convicted upon the testimony of one S. C. Behman, who testified in substance that he saw each one of the defendants play and bet at a game of pool in Galveston County, state of Texas, within twelve months next before the filing indictments herein; that the witness, defendants, and others played the games of pool he saw, betting money with and against each other.

We do not think the witness, Behman, is an accomplice. When several persons bet at a game of faro, pool, or monte, each is guilty of betting at a gaming-table or bank, exhibited for the purpose of gaming; not as principals and accomplices to each other, but as several, not joint, offenders. There is not that oneness of intent and oneness of offense between them to make them principals. No one of them is aiding or assisting another by acts or encouraging by words in the commission of the offense. Each acts independently for himself against the others, and without concert mediately

or immediately with the other betters. An indictment charging them as joint, and not separate, offenders would be bad. The parties to the game of pool may change, and yet it not affect the defendants. Each one, as he takes part in the game and bets money on it, is guilty of a separate offense.

The Legislature, in 1858, two years after the adoption of the Code, amended it by adding article 2057, Paschal's Digest, which reads as follows :

" The grand juries, justices of the peace, mayors, and recorders, having jurisdiction of violations of the provisions of the preceding articles, are empowered to send for persons, and compel their attendance as witnesses, to give evidence of a violation of any of the provisions of the foregoing articles ; and such person so made a witness shall be exempt from liability for any violation of this Code of which he is compelled to testify."

It will be seen that the amendment compels the witness to testify and exempts him from liability. This amendment, as is said by the counsel for the state in his brief, is a useless waste of words, a mere nothing, if the witness provided by it is to be corroborated as an accomplice before conviction can be had on his testimony. If the position contended for by defendants is true, when two defendants engage in a fight with and against each other a conviction cannot be had on the uncorroborated testimony of one of them.

We have examined with care the very interesting, able, and ingenious argument made in the brief of defendants' counsel, but cannot agree with him and hold that the judgments must be set aside because based upon the uncorroborated testimony of the witness, Behman.

The judgments in the above-entitled causes are affirmed.

*Affirmed*