## NEGRO BEN *v*. THE STATE.

1. INDICTMENT designated the defendant as "one Ben, whose name other than Ben is to the grand jurors unknown, and who is known and described as Negro Ben, and who is a colored man." *Held*, sufficient. If not the true name of the defendant, he should have suggested his true name *in limine*, and thus had the error corrected.

2. GAMING. — Indictment charged the defendant with betting at a "ten-ball alley" kept and exhibited by one O., but did not allege that the alley

was kept or exhibited "for the purpose of gaming." *Held*, that, as a "ten-ball alley" is not one of the games or devices specifically denounced by the Penal Code, it was necessary that the indictment should allege that the alley in question was kept or exhibited for the purpose of gaming.

Appeal from the County Court of Hood.    Tried below before the Hon. J. Hiner, County Judge.

*Duke & Duke*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J.    The charging part of the indictment on which the defendant was tried and convicted is as follows : " That heretofore, on or about, to wit, the first day of March, a. d. 1880, in the county of Hood, and State of Texas, one Ben, whose name, other than Ben, is to the grand jurors unknown, and who is known and described as Negro Ben, and who is a colored man, did unlawfully, at and upon a certain gaming-table and gaming device known and described as a ten-ball alley, then and there kept and exhibited by E. R. O'Brien, bet and wager certain money ; contrary," etc.    It was urged in behalf of the defendant in the court below, that the indictment charged no violation of law against the defendant ; that the defendant is charged with betting on a ten-ball alley, when the statute only prohibited betting on a nine or ten pin alley ; that the indictment does not give the Christian name of the defendant, and does not aver that his Christian name was unknown to the grand jurors, or that the grand jurors were unable to ascertain his Christian name.

The accuracy and precision required with regard to stating the name of one accused of crime in an indictment is set out in the fourth subdivision of art. 420 of the Code of Criminal Procedure, as follows :    The indictment " must contain the name of the accused, or state that his name is

unknown ; and in case his name is unknown, give a reasonably accurate description of him."

The indictment satisfies the demands of the law as far as the name of the defendant is concerned, it not appearing that " Negro Ben," a name given in the grand jury's description of him, was not his true name, or that he was not known in the community by the name stated in the indictment.   If the defendant had been indicted by any other than his true name, he was entitled to plead that fact, and by suggesting his true name have had the error corrected ; and " unless he suggest, by himself or counsel, that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defence."   Code Cr. Proc., art. 512.

Another objection taken to the indictment is, that it is insufficient in law and does not charge the defendant with any offence known to the law.   In the motion in arrest of judgment, the defect in the indictment is indicated in the first ground of the motion, as follows :   " The indictment does not aver that E. R. O'Brien kept or exhibited the said ten-ball alley for the purpose of gaming."   In gaming offences of the character here presented, found in the Penal Code, arts. 358 to 364, inclusive, it has been held by our Supreme Court that, " if one of the games or gaming-tables named in the statute — as, for instance, faro, monte, rondo, or any other — be also named in the indictment, that will be sufficient, without alleging that it was kept or exhibited for the purpose of gaming ; for that will be a matter of legal inference.   But when a game or gaming-table named in the statute is not named in the indictment, it must be alleged that the game or table referred to in the indictment was kept or exhibited for the purpose of gaming."   *Booth* v. *The State*, 26 Texas, 203 ; *Blair* v. *The State*, 41 Texas, 30.

Because the " ten-ball alley," upon which the defendant is charged with betting, is not one of the games mentioned in

the statute, and the indictment does not allege that the device upon which he bet was kept or exhibited for the purpose of gaming, under the authorities above cited it must be held not to set out the offence attempted to be presented, with the certainty the law requires.

The indictment being insufficient to support the conviction, the judgment must be reversed, and the case will be remanded for such further proceedings as may lawfully be had in the premises.

*Reversed and remanded.*