[No. 3520.]

## H. Wardlow v. The State.

1. GAMING — "MONTE." — INDICTMENT charged that the accused "did unlawfully bet at a certain gaming bank, to wit, a monte bank, which was then and there used for the purpose of gaming; contrary," etc. *Held*, that exceptions to this charge for insufficiency were properly overruled. It is not necessary that an indictment based upon article 364 of the Penal Code (amended in 1881), and charging that the bet or wager was made upon any one of the banks, tables or games specifically enumerated in article 360, should allege that the bank, table or game was "kept or exhibited for the purposes of gaming;" and therefore the allegation that the accused did "unlawfully bet at a certain gaming bank, to wit, a monte bank," sufficiently charges the offense, without further descriptive allegations.

2. INDICTMENT — NAME OF DEFENDANT — AMENDMENT. — The Code of Procedure, articles 513 and 520, expressly authorizes the amendment of an indictment as to the name of the accused, when he suggests that his name is not correctly stated in the indictment.

APPEAL from the County Court of Falls.  Tried below before the Hon. E. C. Stuart, County Judge.

The opinion and the head-notes sufficiently disclose the case so far as the rulings are affected by the facts.  The case was submitted to the court upon the facts as well as the law, a jury being waived, and the appellant was found guilty and adjudged to pay a fine of $10 and all costs.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.  The charge in the indictment is that defendant did "unlawfully bet at a certain gaming bank, to wit, a monte bank, which was then and there used for the purpose of gaming," etc.

The indictment is brought under article 364, Penal Code, as amended by the general laws of the regular session of the 17th Legislature, March 5, 1881, p. 17, which reads:  "Art. 364. If any person shall bet or wager at any gaming table or bank, or pigeon hole or jenny lind table, or nine or ten pin alley, such as are mentioned in the six preceding articles, or shall bet or wager any money or thing of value at any of the games included in the six preceding articles, or at any of the following games, etc.,  .   .   .   .   he shall be fined not less than $10 nor more than $25," etc.

If the gaming table or bank at which the accused is charged with betting be one of the tables or banks specified in the statute, then it is not necessary to allege that it *was kept or exhibited for purposes of gaming.*  (*Booth* v. *The State*, 26 Texas, 203; *State* v. *Kelley*, 24 Texas, 182; *Tate* v. *The State*, 21 Texas, 202; *State* v. *Burton*, 25 Texas, 420; *Blair* v. *The State*, 41 Texas, 30; *Estes* v. *The State*, 10 Texas, 300; *State* v. *Prewitt*, 10 Texas, 310; *Ben* v. *The State*, 9 Texas Ct. App., 108.)

"Monte" is one of the prohibited games specifically named in the statute (Penal Code, art. 360), and to charge, as was done in this indictment, that a party did "unlawfully bet at a gaming bank, to wit, a monte bank," sufficiently charges the offense without the use of further descriptive allegations.  It was not error to overrule the exceptions to the indictment.

Nor was there any error in permitting the county attorney to amend the indictment by inserting the correct name in the indictment after the defendant had suggested that his name was not

properly stated in that instrument.   The statute expressly provides for such an amendment in capital cases (Code Crim. Proc., art. 513), and by article 520 such procedure is made applicable in all cases. (*Morris* v. *The State*, 4 Texas Ct. App., 589; *Plumley* v. *The State*, 8 Texas Ct. App., 529; *Ben* v. *The State*, 9 Texas Ct. App., 107.)

We find no errors in this conviction, and the judgment is affirmed.

*Affirmed.*

[Opinion delivered June 3, 1885.]