[No. 2063.]

John Doyle v. The State.

GAMING — INFORMATION.— It is a rule of criminal pleading in this State that, in an information or indictment for betting at a gaming table or device other than those specifically denounced by the Penal Code, it must be alleged that the table, bank, alley or device was kept or exhibited for the purpose of gaming. Describing it as a gaming table or gaming device is not tantamount to the allegation that it was kept or exhibited for the purpose of gaming. See the opinion *in extenso* for an indictment *held* insufficient to charge the offense of betting at a gaming table so kept or exhibited.

APPEAL from the County Court of Rusk. Tried below before the Hon. J. H. Turner, County Judge.

The conviction in this case was for gaming with "five corns." The penalty assessed was a fine of $25.

*J. H. Wood*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. Article 364 of the Penal Code, with regard to betting at a gaming table or bank, was amended as follows by an act approved March 5, 1881: "Article 364. If any person shall bet or wager at any gaming table or bank, or pigeon-hole or Jenny Lind table, or nine or ten-pin alley, such as are mentioned in the six preceding articles, or shall bet or wager any money or other thing of value at any of the games included in the six preceding articles, or at any of the following games, viz., poker dice, jack pot, high dice, low dice, low die, dominoes, euchre with dominoes, poker with dominoes, sett with dominoes, muggins, crack loo, crack or loo, *or at any game of any character whatever that can be played with dice or dominoes, or on any table, bank or alley, by whatsoever name the same may be known, and without reference to how the same may be constructed or operated,* he shall be fined not less than $10 nor more than $25; provided no person shall be indicted under this section for playing any of said games with dice or dominoes at a private residence." (Gen'l Laws 17th Leg., p. 17.) We have italicised a portion of the article, with a view to the discussion of the indictment in this case.

This language is, "or at any game of any character whatever that can be played with dice or dominoes, or on any table, bank or alley, by whatsoever name the same may be known, and without reference to how the same (table or bank) may be constructed or operated." Legally and properly construed, this language means that it is unlawful to bet at any game of dice or dominoes, of any character whatever, except at a private residence; and that it is also unlawful to bet at any game played on any table, bank or alley, by whatsoever name the same may be known, without reference to how the table, etc., may be constructed and operated.

The indictment before us was brought evidently under this latter provision of the act. It charges that defendant did "unlawfully bet money at a game with five corns, which said game is a gambling device that can be played on any table," etc.

Now, "five corns" is not mentioned specifically as a prohibited game either in article 364, as amended, or in any of the six preceding articles of the Code referred to in said article. It can only, in contemplation of the statute, be punishable under the statute by virtue of the fact that it is played "on any table, bank or alley." Such being the case, is the indictment sufficient? We are of opinion that it is not. The rule is that in an information or indictment for betting at a gaming table or device other than those specifically denounced by the Penal Code, it must be alleged that the table, bank, alley or device was kept or exhibited for the purpose of gaming. Describing it as a gaming table or gaming device is not tantamount to the allegation that it was kept or exhibited for the purpose of gaming. (*Booth* v. *The State*, 26 Texas, 203; *State* v. *Blair*, 41 Texas, 30; *Ben* v. *The State*, 9 Texas Ct. App., 107; *Wallace* v. *The State*, 12 Texas Ct. App., 479; *Anderson* v. *The State*, 9 Texas Ct. App., 177.) "If the gaming table or bank at which the accused is charged with betting be one of the tables or banks specified in the statute, then it is not necessary to allege that it was kept or exhibited for purposes of gaming." (*Wardlow* v. *The State*, 18 Texas Ct. App., 350, and authorities collated.)

When the table or bank is not one of those specified, then, no matter how it is constructed or operated, a bet or wager upon a game played upon it comes within the purview of the statute if the table or bank is kept or exhibited for purposes of gaming. No bet or wager upon any game not specifically mentioned is an offense unless it be played upon a table or bank kept or exhibited for purposes of gaming. (Penal Code, art. 363.) We are expressly referred to the six preceding articles, and those articles refer to tables or banks which are played, dealt or exhibited.

Because the indictment charges no offense against the law, the judgment of the lower court is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered November 21, 1885.]