

# Office of the Attorney General
## · State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 6, 1995

Mr. Doyne Bailey
Administrator
Texas Alcoholic Beverage Commission
P.O. Box 13127
Austin, Texas 78711-3127

Opinion No. DM-320

Re: Whether justice courts have jurisdiction of prosecutions for violations of sections 106.02, 106.04, and 106.05 of the Alcoholic Beverage Code (RQ-651)

Dear Mr. Bailey:

You ask us two questions regarding Alcoholic Beverage Code ("code") sections 106.02, 106.04, and 106.05. Section 106.02 prohibits the purchase of an alcoholic beverage by a minor. Section 106.04 generally prohibits the consumption of an alcoholic beverage by a minor. Finally, section 106.05 generally prohibits the purchase of alcohol for, or the furnishing of alcohol to, a minor. The Seventy-second Legislature amended these sections to change the range of fines assessable for subsequent convictions under these sections from a minimum of $100 and a maximum of $500 to a minimum of $250 and a maximum of $1,000. *See* Acts 1991, 72d Leg., ch. 163, §§ 1-3.[1]

You first ask whether the justice courts have jurisdiction of prosecutions for subsequent violations of these three sections in spite of the new fine ranges. Our state constitution grants to justice courts original jurisdiction of all misdemeanor offenses that are "punishable by fine only," without limitation as to fine amount, "and such other jurisdiction as may be provided by law." Tex. Const. art. V, § 19. Article 4.11 of the Code of Criminal Procedure, however, purports to limit the criminal jurisdiction of justice courts to crimes punishable by a maximum fine of $500. This purported limitation is unconstitutional and void because the legislature has no power to restrict the constitutional jurisdiction of the district courts and the inferior courts. *E.g.*, Attorney General Opinion DM-277 (1993) at 3. Therefore, the new maximum fines of $1,000 under sections 106.02, 106.04, and 106.05 do not exceed the justice courts' jurisdiction.

---

[1] A first-time violation of any of these code sections is punishable by a fine ranging from $25 to $200. *See* Alco. Bev. Code §§ 106.02(b), .04(c), .05(c).

We note that the Seventy-third Legislature added a new code section 106.025, which creates an offense of attempted purchase of an alcoholic beverage by a minor. *See* Acts 1993, 73d Leg., ch. 934, § 76. A subsequent violation of section 106.025 also is punishable by a fine ranging from $250 to $1,000 (the first-time fine range is $25 to $200). Alco. Bev. Code § 106.025(b), (c). Our answer to your first question applies as well to this statute.

Although the maximum fines do not eliminate the justice courts as potential forums, we still cannot determine the ultimate question of whether these courts have jurisdiction of prosecutions under the subject code sections until we consider your second question, which involves another aspect of justice court criminal jurisdiction. You ask whether the imposition of an alcohol awareness course by a justice court pursuant to code section 106.115 constitutes a "punishment" that would deprive the court of jurisdiction by exceeding the constitutional jurisdictional limitation to misdemeanors "punishable" solely by fine, Tex. Const. art. V, § 19.[2] Section 106.115 provides, in pertinent part:

> (a) On the first conviction of a minor of an offense under Section 106.02, 106.04, or 106.05 of this code, the court, in addition to assessing a fine as provided by those sections, may require the defendant to attend an alcohol awareness course approved by the Texas Commission on Alcohol and Drug Abuse or a similar alcohol awareness course approved by the court . . . .

> (b) If the conviction under Section 106.02, 106.04, or 106.05 of this code is for a second or subsequent offense, the court shall require the defendant to participate in an alcohol awareness course in addition to paying the fine assessed under that section . . . .

Your question assumes that the constitutional grant of criminal jurisdiction of misdemeanors "punishable by fine only" includes offenses for which the court may impose nonpunitive sanctions, such as (we will assume for the sake of argument) alcohol awareness courses. For the following reasons we believe that the constitutional grant of jurisdiction includes only offenses the sole sanction for which is a fine and therefore that the justice courts do not have jurisdiction of violations of sections 106.02, 106.04, and 106.05.[3]

---

[2]The constitutional provision for justice court jurisdiction is as follows:

> Justice of the peace courts shall have original jurisdiction in criminal matters of misdemeanor cases punishable by fine only, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law. Justices of the peace shall be ex officio notaries public.

Tex. Const. art. V, § 19.

[3]We note that the legislature could, if it so desired, expand the justice court's jurisdiction to include these offenses under the constitutional provision for "such other jurisdiction as may be provided by law." Tex. Const. art. V, §§ 19; cf. Attorney General Opinion DM-285 (1993) at 5 (statute authorizing "justice or judge" to impose community service upon defendant who fails "to pay a previously assessed fine or costs, or who is determined by the court to have insufficient resources or income to pay a fine or costs," Acts 1993, 73d Leg., ch. 298, at 1371-72, is contemplated by provision in constitution article V, section 19, of "such other jurisdiction as may be provided by law"). The legislature has not enacted a law so expanding the jurisdiction of the justice court. Section 106.115 provides that the "court" may or shall

From the adoption of the constitution in 1876 until the amendment of the jurisdictional provision to its current language in 1985, section 19 of article V provided in pertinent part as follows: "Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars . . . ." Tex. Const. art. V, § 19 historical notes. Although this provision lacked any limitation similar to the current one of "punishable by fine only," the old Texas Court of Appeals in 1876 read the limitation into the provision:

> [T]he framers of our organic law intended only to confer upon justices' courts . . . jurisdiction in cases where the penalty was by pecuniary fine alone, not to exceed the limit specified. Imprisonment in the county jail cannot be estimated in dollars, nor can it be considered in any manner a pecuniary fine. It follows, therefore, in the opinion of this court, that whenever, in misdemeanors, imprisonment may be assessed as an alternative, or as a part of the fine to be imposed, justices' courts have no jurisdiction to try. Of course, this rule is not to be understood as applicable to, or interfering in any manner with, the authority of such courts to imprison for the non-payment of fine and costs, or, when necessary, to assert, protect, and enforce their authority in cases where their jurisdiction properly obtains.

*Tuttle v. State*, 1 Tex. Ct. App. 364, 366 (1876).

We believe the Texas Court of Appeals' foregoing strict reading of the justice courts' former constitutional jurisdiction warrants a similar strict reading of the current provision in regard to jurisdiction of offenses for which there is a sanction in addition to, or in the alternative to, a fine, regardless of whether that sanction may be considered to be nonpunitive. We further believe a strict reading of the constitutional jurisdiction also is good policy. Section 19 of article V delegates authority to the legislature to grant additional jurisdiction to the justice courts. Therefore, a strict reading will ensure that the legislature will act deliberately in granting additional jurisdiction to the justice courts only in matters that are suited to the informality of justice court proceedings. Therefore, we conclude that section 19 of article V of the constitution grants jurisdiction to justice courts in criminal matters in which the only possible sanction is a fine and, accordingly, that the justice courts do not have jurisdiction of prosecutions under sections 106.02, 106.04, and 106.05 of the Alcoholic Beverage Code because those sections provide for the nonfine sanction of alcohol awareness education and because the legislature has not granted to the justice courts jurisdiction of prosecutions in which such a sanction may be imposed.

---

(footnote continued)
impose an alcohol awareness course, without specifying which court. This language does not expressly grant to the justice court "such other jurisdiction as may be provided by law." Tex. Const. art. V, § 19.

# S U M M A R Y

Section 19 of article V of the Texas Constitution grants jurisdiction to justice courts in criminal matters in which the only possible sanction is a fine.  Therefore, the justice courts do not have jurisdiction of prosecutions under sections 106.02, 106.04, and 106.05 of the Alcoholic Beverage Code because those sections provide for the nonfine sanction of alcohol awareness education and because the legislature has not granted to the justice courts jurisdiction of prosecutions in which such a sanction may be imposed.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General